## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT AT ST. JOSEPH

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| Carolyn Sue Arment, *Debtor* | ) | |
| | ) | Case No. 14-50265-can |
| Seterus, Inc., as authorized subservicer for Federal National | ) | |
| Mortgage Association ("Fannie Mae"), a corporation | ) | Chapter: 13 |
| organized and existing under the laws of the United States of | ) | |
| America, by Seterus, Inc., loan servicing agent for *Creditor* | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Carolyn Sue Arment, *Debtor* | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Richard V. Fink, *Trustee* | | |

### CONDITIONAL ORDER RESOLVING DEBTORS MOTION TO VACATE ORDER GRANTING RELIEF FROM STAY

**THIS MATTER** comes on for consideration upon the Response of Seterus, Inc., as authorized subservicer for Federal National Mortgage Association ("Fannie Mae"), a corporation organized and existing under the laws of the United States of America, by Seterus, Inc., its successors or assigns, ("Creditor"), to the Debtors motion to vacate order granting relief from stay.  The appearances are Wendee Elliott-Clement, of the firm of SouthLaw, P.C. and Carolyn Sue Arment, by Todd W. Griffee.  The Court makes the following findings:

1.      A motion for order granting relief from stay was filed on April 29, 2016, and copies were mailed to Trustee and to Debtor and counsel for Debtor.  Proper notice with an opportunity for hearing on the motion for relief was served on all interested parties.

2.      Creditor claims a secured interest in real property described as follows:

**LOT THIRTY-TWO (32), BLOCK SIX (6), ST. JOSEPH EASTERN EXTENSION, AN ADDITION TO THE CITY OF ST. JOSEPH, MISSOURI**, commonly known as 809 North 23rd Street, Saint Joseph, MO  64506 (the "Property")

United States Bankruptcy Court
District of Kansas
In re: Seterus, Inc. v. Carolyn Sue Arment
Case No. 14-50265-can
Chapter 13
Conditional Order Resolving the Debtors Motion to Vacate Order Granting Relief
Page 2

3.    Debtor acknowledges and the Court finds that they failed to make certain post-petition payments due under the Promissory Note and Security Instrument described in Creditor's motion. Debtor(s) are currently due for a total of $110.05.

4.    Notwithstanding Finding number three of this Order, the parties consent and agree to the terms and conditions of this stipulation in full and complete settlement of the Motion for Relief from Automatic Stay.

5.    Debtor agrees to cure the post-petition arrearage of $110.05 by including that amount in the October 1, 2016 payment.

6.    Debtor also agrees to make the on-going post-petition payments when due and as called for under the terms of the Promissory Note and Security Instrument beginning with the October 1, 2016 payment.  Debtor acknowledges that these regular on-going payments are **in addition to** the payments on the arrearage indicated in Finding number five of this Order.

7.    All payments under this agreement shall be paid directly to Seterus, Inc..  Once the arrearage has been paid in full, Debtor shall revert to making the normal current monthly payments when due and as called for under the terms of the Promissory Note and Security Agreement.  Time is of the essence to all payments.

8.    Should Debtor fail to make **any** of the payments called for above, Creditor shall be then entitled to immediately notify the Court, Debtor, Debtor's counsel and Trustee in writing, of the delinquency.  If Debtor fails to fully cure the delinquency within ten (10) days of the date of the notification, Creditor shall then be entitled to immediate relief from the automatic stay of 11 U.S.C. §362 (a) without the necessity of further hearing or action of Court and Creditor will then submit a final Order Granting Relief from Stay.

9.    Furthermore, Debtor and Creditor agree that if Debtor, at any time after execution of this

United States Bankruptcy Court
District of Kansas
In re: Seterus, Inc. v. Carolyn Sue Arment
Case No. 14-50265-can
Chapter 13
Conditional Order Resolving the Debtors Motion to Vacate Order Granting Relief
Page 3

Conditional Order, convert this Chapter 13 bankruptcy case to a case under Chapter 7, Creditor shall be then entitled to immediately notify the Court, Debtor, Debtor's counsel and Trustee in writing, of the contractual delinquency.  If Debtor fails to fully cure the contractual delinquency within days of the date of the notification, Creditor shall then be entitled to immediate relief from the automatic stay of 11 U.S.C. §362 (a) without the necessity of further hearing or action of Court and Creditor will then submit a final Order Granting Relief from Stay.

It Is Therefore Ordered, Adjudged, and Agreed that the above findings shall become orders of this Court

IT IS SO ORDERED.

Dated :  October 5, 2016

/s/ Cynthia A Norton

Judge, U.S. Bankruptcy Court

SouthLaw, P.C.
/S/ Wendee Elliott-Clement
Steven L. Crouch (MBE #37783; EDMO #2903; KSFd #70244)
Wendee Elliott-Clement (MBE #50311; KS #20523)
Ashley B. Osborn (MBE #59427; KS #23272)
13160 Foster Suite 100
Overland Park, KS 66213-2660
(913) 663-7600
(913) 663-7899 Fax
KS: ksbkecf@southlaw.com
WDMO: mobknotices@southlaw.com
EDMO: moedbknotices@southlaw.com
Attorneys For Creditor


/S/ Todd W. Griffee
Todd W. Griffee
3500 North Village Dr., Ste. 234
St. Joseph, MO  64506
Attorney For Debtor


File No. 171029
Case No: 14-50265-can